UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE CHAMBERS, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY
ESTATE OF ANGELA BORRERO,                              CASE NO.:

      Plaintiff,
V.

PROGRESSIVE SELECT INSURANCE
COMPANY,

      Defendant.
_____/

**<u>DEFENDANT'S NOTICE OF REMOVAL OF ACTION</u>**

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY (hereinafter "Progressive"), pursuant to 28 U.S.C. § 1446(B), hereby petitions this Court for the removal of Plaintiff's Complaint in the above-styled action from the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of its Notice of Removal states:

1. Defendant gives notice of the exercise of its rights under the provisions of 28 U.S.C. §1332, §1441 and §1446 to remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, case number 2023-CA-017767-O.

2. This action arises from an October 1, 2018 automobile accident involving Angela Borrero, who was insured under a policy through Progressive.  Ms. Borrero was alleged to have caused injury to non-party James Spalding.  Plaintiff alleges that Progressive failed to settle Mr. Spalding's claim against Ms. Borrero in good faith.

3. Plaintiff's underlying tort action, Orange County Circuit Court case number 2018-CA-012326-0 resulted in a Final Judgment against Ms. Borrero in favor of Mr.

Spalding in the amount of $7,418,391.57, plus interest. The current action seeks same as damages against Progressive.

4. On January 3, 2024 Progressive was served with a Summons and a copy of the Complaint.

5. Ms. Borrero was, at the time of commencement of this action, and continues to remain, a resident and citizen of Florida.

6. Progressive is incorporated in the state of Ohio with its principal place of business in Mayfield Heights, Cuyahoga County, Ohio.

7. The amount in controversy and at issue in this case, as pled by Plaintiff, is in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), the jurisdictional limits of this Court.

8. Based upon the allegations and the facts set forth above, and in Plaintiff's Complaint, this is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, which grants the United States District Court original jurisdiction over actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

9. In accordance with 28 U.S.C. § 1446, Progressive's Notice of Removal has been filed within thirty (30) days following service of the Complaint on Progressive.

10. Contemporaneously with filing this Notice of Removal, Progressive has paid the removal fee to the Clerk of the United States District Court.

11. A Notice of Removal has been filed simultaneously in the State court and with opposing counsel, in full compliance with 28 U.S.C. § 1446(d).

12. Copies of all process, pleadings, orders, and other papers or exhibits of every

kind, including depositions, currently in Progressive's possession and which are on file in the state court will be filed electronically in accordance with the Middle District of Florida's Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Section II(A)(2)(b). These documents include:

   i. Proof of Service of Process
   ii. Summons;
   iii. Plaintiff's Complaint, with attachments;
   iv. Civil Cover Sheet
   v. Case Management Order
   vi. State Court Notice of Removal

### MEMORANDUM OF LAW IN SUPPORT OF REMOVAL

A defendant who desires to remove a civil cause of action from state court to a Federal district court may do so by following the procedures outlined in 28 U.S.C. § 1446. To remove a case commenced in State Court pursuant to 28 U.S.C. § 1441 and § 1332, all requirements of diversity jurisdiction must be met by the party seeking to remove. *See Leonard v. Kern*, 651 F. Supp. 263 (S.D. Fla. 1986). Complete diversity must exist between the parties and the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332; *Id.* at 264. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

**I. THE PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD.**

One such basis for the original jurisdiction of the United States district court is

diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Specifically, 28 U.S.C. § 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between, "(1) citizens of different States." Therefore, in order for a defendant to exercise its option to remove a case from state court to a federal district court, it must normally demonstrate that all parties-plaintiff are diverse from all parties-defendant, and that the amount in controversy is greater than $75,000.00.

The burden is on the party wishing to remove to show that it has met all removal requirements. See Wright v. Continental Cas. Co., 456 F. Supp. 1075, 1078 (N.D. Fla. 1978).

Progressive has met all of the requirements to establish diversity jurisdiction in this matter. For purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005); 28 U.S.C. § 1332(c)(1).  Plaintiff's Complaint acknowledges that Progressive is a foreign corporation authorized and licensed to do business in the State of Florida.  Progressive is incorporated in and maintains its principal place of business in Ohio.

As to Plaintiff, "[T]he citizenship for diversity purposes of bankruptcy trustees has always been the subject of a special rule: '[I]t is the citizenship of the bankrupt rather than the citizenship of the trustee in bankruptcy that is determinative for diversity jurisdiction.' Lesti v. Wells Fargo Bank, N.A., 960 F. Supp. 2d 1311, 1319, n. 2 (M.D. Fla. 2013)(citing 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d §

3606." *Carlton v. Baww, Inc.*, 751 F.2d 781, 786–87 (5th Cir.1985)).  Ms. Borrero is a citizen of Florida, residing in Orange County, Florida.

Thus diversity of citizenship exists pursuant to 28 U.S.C. § 1332 and 1441. *See Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157 (11th Cir. 1985)

Progressive has also fulfilled the requirement that the amount in controversy exceeds $75,000.00.  The amount in controversy is measured by determining the value of the litigation from the plaintiff's perspective. *See Sandifer Partnership, Ltd. v. Dolgencorp, Inc.*, 2005 WL 2063790 (M.D. Fla. 2005) (citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 220 (11th Cir. 1997)).  Plaintiff's Complaint seeks recovery of the underlying Final Judgment entered against Progressive's insured, Ms. Borrero.  The amount of the Final Judgment at issue is $7,418,391.57.

## II. PROGRESSIVE'S REMOVAL IS TIMELY

According to 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Regarding the 30-day provision cited in the first paragraph, the Supreme Court of

the United States has held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Carter v. Frito-Lay, Inc.*, 144 F. App'x. 815, 817 (11th Cir. 2005)(quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L.Ed.2d 448 (1999)).

Because Progressive's Notice of Removal was filed within thirty days of January 3, 2024, removal was done in a timely manner.

### III. ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.

Section 1446(a) requires that a defendant desiring to remove a case file a signed notice of removal in the district court of the United States for the district and division within which such action is pending containing a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1446(d) further provides that after the filing of such notice of removal of a civil action the defendant "shall give written notice thereof to all adverse parties" and shall file a copy of the notice with the clerk of such State court, which shall affect the removal and stay the State court proceedings unless and until the case is remanded.

Progressive has satisfied the other procedural requirements by giving notice to Plaintiff, filing a Notice of Removal with the State Court, and attaching to its Notice of Removal all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, currently on file in the state court to which Progressive has access.

WHEREFORE, Defendant Progressive has met all the conditions for removal and

respectfully requests this Court accept Progressive's Notice of Removal and thereby take jurisdiction of this action, and grant such further relief as this Court deems appropriate. Respectfully submitted on January22, 2024.

          SEGUNDO LAW GROUP

          ___s/Jenna Worden_____
          **JENNIFER C. WORDEN**
          FBN: 0498191
          2935 First Avenue North, 2nd Floor
          St. Petersburg, FL 33713
          (727)894-3535
          Counsel for Defendant Progressive
          Service email:  Service@CivilLit.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court which will send a notice of electronic filing to all counsel of record at the e-service address(es) listed on this 22nd day of January 2024.

          SEGUNDO LAW GROUP

          ___s/Jenna Worden_____
          **JENNIFER C. WORDEN**
          FBN: 0498191
          (727) 894-3535
          Service@civillit.com