UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE CHAMBERS, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY
ESTATE OF ANGELA BORRERO,　　　　　CASE NO.: 6:24-cv-141-WWB-DCI

　　　　Plaintiff,
V.

PROGRESSIVE SELECT INSURANCE
COMPANY,

　　　　Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRAMTIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY, hereafter Progressive, files this Answer and Affirmative Defenses to Plaintiff's Complaint.

## ANSWER

1. Admitted for jurisdictional purposes only.

2. The document attached to Plaintiff's Complaint as Exhibit A speaks for itself.

3. Admitted that Defendant is a foreign corporation incorporated in Ohio. However, its principal place of business is in Mayfield Village, OH.

## FACTUAL ALLEGATIONS

4. Admitted that Defendant issued the referenced insurance policy to Angela Seda Borrero. The policy terms and conditions speak for themselves. Admitted that a portion of the policy, specifically the policy booklet without the declarations page or any endorsements, is attached as Exhibit B.

5. Admitted that the accident occurred on October 1, 2018 on CR 435 in Apopka,

1

Florida, which involved Plaintiff Borrero and James Spalding. Otherwise, denied as phrased.

6. Admitted that Spalding was injured in the accident, otherwise denied as phrased.

7. Admitted that the active policy issued to Plaintiff Borrero covered the date of the accident.

8. Admitted that the active policy issued to Plaintiff Borrero covered the date of the accident and afforded bodily injury and property damage coverage.

9. Admitted that after receipt of notice of the accident, Progressive assigned the claims associated with the accident per its policies.

10. Admitted that a letter, attached as Exhibit C to Plaintiff's Complaint, dated October 15, 2018 was sent to Defendant. The document speaks for itself.

11. Admitted that Progressive adjuster Jowanna Henry sent a letter to counsel for Spalding dated October 22, 2018 and which letter is attached to Plaintiff's Complaint as Exhibit D. The Exhibit does not include the enclosures to the letter, which were a check for the available bodily injury limits, the proposed release and the insurance policy disclosure information. The letter speaks for itself.

12. Admitted that the letter references that Mr. Spalding possibly has a separate property damage claim. The letter speaks for itself.

13. The package sent to counsel for Mr. Spalding is confirmed delivered on October 24, 2018 at 9:27 AM. It was sent via overnight delivery.

14. Admitted that Spalding sent a letter via certified mail, return receipt to Amanda Ploski at Progressive which is dated October 23, 2018 and the subject of which

letter was Mr. Spalding's property damage claim. The letter speaks for itself.

15. Admitted that Progressive sent a letter dated October 26, 2018 and which letter is attached to Plaintiff's Complaint as Exhibit E. As of the date Progressive sent this letter, Mr. Spalding had not yet returned Progressive's call to schedule the inspection referenced in the letter. The letter speaks for itself.

16. Admitted that a letter dated November 28, 2018 was sent to Mr. Spalding regarding his property damage claim and that letter is attached to Plaintiff's Complaint as Exhibit F. The letter speaks for itself.

17. Admitted that Progressive adjuster Jason Gray sent a letter to counsel for Spalding dated December 6, 2018 a copy of which is attached to Plaintiff's Complaint as Exhibit G. The letter speaks for itself.

18. Denied as phrased. The lawsuit pursued by Spalding was filed on November 12, 2018. The Count for Property Damage contained within that complaint was resolved through the acceptance of a proposal for settlement on or about February 25, 2019. The property damage claim is not a part of the judgment at issue.

19. Admitted.

20. Denied that Spalding did not accept Progressive's offer (see paragraph 18 *supra*). As to the remaining allegations in the Complaint, without knowledge therefore denied.

21. Admitted that a document which bears the title "Emergency Motion For Relief From Stay" and which appears to have been filed on December 7, 2022 is attached to Plaintiff's Complaint as Exhibit H and said document speaks for itself. Otherwise,

without knowledge therefore denied.

22. A copy of the verdict rendered on January 27, 2023 appears to be attached to Plaintiff's Complaint as Exhibit I. The document speaks for itself.

23. A copy of the Final Judgment entered on April 27, 2023 appears to be attached to Plaintiff's Complaint as Exhibit J. The document speaks for itself.

24. Without knowledge, therefore denied.

## COUNT I - COMMON LAW BAD FAITH AGAINST PROGRESSIVE SELECT INSURANCE COMPANY

25. Denied, except to the extent consistent with Florida law under the circumstances involved.

26. Denied.

27. Denied.

28. Denied, except to the extent consistent with Florida law under the circumstances involved.

29. Denied, including all subparts, except to the extent consistent with Florida law under the circumstances involved.

30. Denied, including all subparts.

31. Denied.

32. Denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

## DEMAND FOR JURY TRIAL

Defendant Progressive requests a trial by jury of all issues so triable.

## AFFIRMATIVE DEFENSE

1. Progressive is entitled to a reduction of damages assessed against it, if any, in this case for all amounts paid on the bodily injury claims or final judgment for those claims outstanding against Plaintiff Borrrero, Progressive's insured party, by Progressive and/or other entities or persons.

2. Progressive tendered the available bodily injury policy limits to Spalding on October 11, 2018 (10 days after the accident) and again on October 24, 2018 (23 days after the accident). Progressive tendered the amount set forth in Spalding's complaint as the claim for property damage on January 3, 2019, within 90 days of receipt of Spalding's letter dated October 23, 2018. Thus, any claim for bad faith arising out of Progressive's handling of Spalding's claim against Plaintiff Borrero is barred by Section 624.155(4)(a), Florida Statutes.

3. Spalding's property damage claim was resolved on February 25, 2019 and is not part of the Judgment entered in favor of Spalding and against Plaintiff.

Respectfully submitted on January___, 2024.

               SEGUNDO LAW GROUP

               ___s/Jenna Worden_____
               **JENNIFER C. WORDEN**
               FBN: 0498191
               2935 First Avenue North, 2nd Floor
               St. Petersburg, FL 33713
               (727)894-3535
               Counsel for Defendant Progressive
               Service email: Service@CivilLit.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I submitted the foregoing via CM/ECF which will serve it upon counsel for Plaintiff at the addresses registered with the Court on this ___ day of January, 2024.

SEGUNDO LAW GROUP

____s/Jenna Worden_____
**JENNIFER C. WORDEN**
FBN: 0498191
 (727) 894-3535
Service@civillit.com