UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE CHAMBERS,

    Plaintiff,

v.                                                                             Case No: 6:24-cv-141-JSS-DCI

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Plaintiff moves for leave to file an amended complaint in this matter. (Motion, Dkt. 22.) Defendant opposes the Motion. (Dkt. 23.) Upon consideration, Plaintiff's Motion is granted.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course no later than 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs that the court "should freely give leave when justice so requires." *Id.* Additionally, a party moving for leave to amend after the deadline set in the court's scheduling order "must show good cause why leave to amend the complaint should

be granted." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231 (11th Cir. 2008) (quoting *Smith v. Sch. Bd. of Orange Cnty,* 487 F.3d 1361, 1366 (11th Cir. 2007)); *see* Fed. R. Civ. P. 16(b)(4).  Good cause cannot be shown where a party is unable to comply with a deadline due to a lack of due diligence. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (citing *Sosa v. Airprint Sys.,* 133 F.3d 1417, 1419 (11th Cir. 1998)).

Upon consideration, Plaintiff has demonstrated good cause to modify the scheduling order and permit amendment of the complaint.  Specifically, Plaintiff argues that his amended complaint would include additional information found in the relevant claims file in this matter that Plaintiff only received on April 12, 2024, after the deadline to file amended pleadings.  (Dkt. 22 at 6–7); *see, e.g.*, *Skinner v. Progressive Mountain Ins. Co.*, No. 1:13-cv-00701-JOF, 2013 WL 12073464, at *2 (N.D. Ga. Nov. 14, 2013) ("The court finds Skinner can demonstrate 'good cause' under Rule 16 because the additional causes of action alleged in the second motion to amend complaint are based on communications in the portions of the claims file produced to Skinner shortly before his motion was filed.").  Further, the court does not find circumstances warranting denial of a motion for leave to amend at this stage and justice requires Plaintiff be permitted to amend his complaint.  *Cf. In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014) ("[A] motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2)

where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'").

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 22) is **GRANTED**. Plaintiff may file his amended complaint within 14 days of this order.

**ORDERED** in Orlando, Florida, on June 11, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record