UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: ANGELA M. SEDA BORRERO,   CASE NO.:6:22-bk-04290-LVV

Debtor,   Chapter 7

**Emergency Hearing Requested**

_____/

## EMERGENCY MOTION FOR RELIEF FROM STAY

Pursuant to Bankruptcy Code §362(d), Federal Rule of Bankruptcy Procedure 4001, Local Rule 9013-1(d) and other applicable law, JAMES SPALDING (the "Plaintiff"), by and through his undersigned counsel, hereby moves on the following grounds for an order of this Court modifying the automatic stay to permit the Plaintiff to continue to liquidate certain personal injury claims against ANGELA M. SEDA BORRERO (the "Debtor"), through judgment, in an auto negligence action currently pending in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, *Spalding, James v. Borrero, Angela Seda*, case no. 2018-CA-012326-O (the "Tort Action"), for the purpose of pursuing the proceeds of the Debtor's liability insurance policy. As grounds therefore, the Plaintiff alleges as follows:

### Introduction

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409. The relief requested is based upon Bankruptcy Code § 362(d).

2. The Tort Action is currently scheduled for trial on Monday, December 12, 2022 before the Honorable Kevin B. Weiss of the Circuit Court in and for Orange County, Florida (the "Circuit Court").

Exhibit O

3. On December 1, 2022, the Debtor initiated the above-captioned chapter 7 bankruptcy case. The Debtor and her attorneys, however, failed to notify the Plaintiff, his attorneys, or the Circuit Court of the bankruptcy filing until December 6, 2022, necessitating the filing of this motion on an emergency basis.

4. The Plaintiff seeks relief from the automatic stay so that the Plaintiff may continue to liquidate his claim(s) against the Debtor through trial and judgment in order to pursue the proceeds of the Debtor's automobile liability insurance policy or policies. The Plaintiff shall seek no *in personam* relief against the Debtor during the pendency of this bankruptcy case, or after in the event of a discharge, other than to liquidate its debt through trial and judgment and pursue insurance proceeds.

5. On Wednesday, December 7, 2022, at or around 3:23 p.m., the judicial assistant for Judge Weiss advised counsel for the parties that the trial in the Tort Action will commence on the morning of Monday, December 12, 2022 in the event this Court grants relief from the automatic stay to permit the trial to proceed.

6. Counsel for the Plaintiff in the Tort Action, Robert Chaiken, Esq., has conferred with Debtor's counsel regarding relief requested herein, and the Debtor opposes the relief requested.

**FACTUAL BACKGROUND**

7. On November 12, 2018, the Plaintiff initiated the Tort Action. As more fully reflected in the current version of the complaint initiating the Tort Action, the facts giving rise to the Tort Action involve proving negligence on the part of the Debtor, Angela M. Seda Borrero, who was operating a vehicle at the time she struck the motorcycle being operated by James Spalding. A copy of the Complaint naming the Debtor as a Defendant is attached as **Exhibit A.**

2

This case involves a claim by Plaintiff for damages resulting from a traumatic lower leg amputation.

8. Trial in the Tort Action previously commenced in September 2021 and resulted in a mistrial. Trial is now currently scheduled to occur during the week of December 12, 2022 before the Honorable Kevin B. Weiss.

9. At the time of the collision, the Debtor maintained a policy of insurance that included coverage for bodily injury and property damage liability.

10. Plaintiff desires to prosecute the Tort Action against the Debtor for the purpose of liquidating his claim to judgment and pursuing any available actions against the Debtor's insurance policy.

11. Based upon the Plaintiff's best information and belief, the Debtor's insurance carrier is obligated to and has assumed the Debtor's defense and defense costs in the Tort Action.

12. If the Plaintiff obtains a judgment against the Debtor, the Plaintiff will seek to enforce such recovery or judgment only against the proceeds of any insurance maintained by or for the benefit of the Debtor during the pendency of this bankruptcy case or in the event a discharge is granted. To the extent any judgment obtained by Plaintiff against the Debtor exceeds the amount of any insurance policy or proceeds (an "Excess Judgment"), Plaintiff will only seek to enforce such Excess Judgment as a claim in this case, as well as through any available action against any third party, including any insurance carrier under statutory or common law, and will not seek any *in personam* recovery against the Debtor individually during the pendency of this case or in the event a discharge is granted.

## LEGAL BASIS FOR RELIEF

13. Pursuant to Bankruptcy Code § 362(a), the filing of a petition in bankruptcy "operates as a stay, applicable to all entities" of "the commencement or continuation, of a judicial, administrative, or other action against the debtor that was or could have been commenced before the commencement of the case under this title . . ." as well as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(1), (4). Therefore, in order for the Tort Action to continue against the Debtor, the Plaintiff must seek relief from the automatic stay.

14. The statutory basis for such relief is set forth in Bankruptcy Code § 362(d) which provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay
>
> (1) For causes, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d)(1).

15. Plaintiff has an absolute right to have Tort Action tried before a jury. <u>Atlas Properties, Inc. v. Didich</u>, 213 So. 2d. 278, 280 (Fla. 3d DCA 1968) (stating that amount of damages in an action for Tort is for the discretion of a jury). Because of the prohibitions of 28 U.S.C. § 157(b)(5), and given the Plaintiff's right to a jury trial against the Debtor, Plaintiff submits that the Circuit Court is the appropriate forum to liquidate the Plaintiff's claims in the Tort Action.

16. The Debtor would not be prejudiced if this Court were to grant the Plaintiff relief from the automatic stay to pursue his claim against the Debtor through the Tort Action because, based upon information and belief, the Debtor's insurance carrier has fully assumed the Debtor's defense and defenses costs in the Tort Action.

4

17. The foregoing facts constitute "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay and to permit Plaintiff to take those steps to prosecute and liquidate his claim against the Debtor and enforce any judgment to the extent described in the proceeding paragraphs. In re Todd B. Shipyard Corporation, 92 B.R. 600, 604 (Bankr. N.J. 1988) (holding that the automatic stay should be lifted to allow movants to prosecute a personal injury suit against a debtor based on reasoning that "personal injury tort claim(s) must be tried in a forum other than this [Bankruptcy] Court....")

18. Because "cause" is not defined in the Bankruptcy Code, the courts must determine whether this standard has been satisfied. In re MJ & K Co., Inc., 161 B.R. 586, 590-91(Bankr. S.D.N.Y. 1993) (cause is viewed as an intentionally broad and flexible concept which must be determined on a case-by-case basis). "Thus, the 'facts of each request will determine whether relief is appropriate under the circumstances.'" In re Mazzeo, 167 F.3d 139, 142-143 (2d Cir. 1999) (citations omitted) (citing In re Sonnax Indus., Inc., 907 F.2d 1280, 1285-86 (2d Cir. 1990)).

19. Accordingly, this Court should modify the automatic stay imposed as a result of the initiation of this Bankruptcy Case to allow the Plaintiff to proceed to trial on the Tort Action in the Circuit Court.

20. In addition to this Court's jurisdictional limits under 28 U.S.C. § 157(b)(5), this Court would also likely abstain from adjudicating the Tort Action under 11 U.S.C. § 1334(c) based upon the procedural posture of the Tort Action in the Circuit Court. In attempting to prosecute and liquidate the Plaintiff's claims against the Debtor, it is clear that the Tort Action differs from other Plaintiff's litigation within the bankruptcy court in that (a) necessary estate resources and manpower will not be distracted from more important estate needs, (b) continued prosecution of the Tort Action will result in efficient liquidation of the Plaintiff's claim, and (c) prosecution of

5

such actions in the appropriate non-bankruptcy forum will free this Court for consideration of appropriate matters involving the Debtor. The lifting of the automatic stay is therefore appropriate to the extent requested herein.

21.     Upon learning of this bankruptcy case, Plaintiff's attorneys in the Tort Action, and the undersigned counsel, worked quickly and diligently to bring this emergency motion as soon as possible, including attempting to obtain the Debtor's prior consent to the relief requested herein.

22.     Based upon the foregoing, the Plaintiff submits that "cause" exists for granting the relief requested herein on an emergency basis.

WHEREFORE, the Plaintiff respectfully requests this Court enter an order granting his emergency motion and modify the automatic stay to allow JAMES SPALDING: (i) to liquidate his claim against the Debtor through judgment in the Tort Action; (ii) to enforce any judgment obtained therein against any related policy or proceeds of insurance; (iii) to enforce any claim available against any third party, including any insurance carriers; and (iv) for such further relief as is just and equitable.

Date: December 7, 2022                               Respectfully submitted,

*/s/ Jonathan M. Sykes*
Jonathan M. Sykes, Esquire
Florida Bar No.: 73176
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2680
E-mail:  jsykes@nardellalaw.com
Secondary Email:  klynch@nardellalaw.com

***ATTORNEYS FOR JAMES SPALDING***

6

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on December 7, 2022, a true and correct copy of the foregoing document was served electronically through the Court's CM/ECF system on the following, with regular mail service to follow on December 8, 2022:

Tiffany A. Davis, Esq.
Jacobs & Davis, PA
601 21st St., Suite 300
Vero Beach, FL 32960
Counsel for the Debtor

Gene T. Chambers
P.O. Box 533987
Orlando, FL 32853

               */s/ Jonathan M. Sykes*
               Jonathan M. Sykes, Esquire