UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE CHAMBERS, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY
ESTATE OF ANGELA BORRERO,　　　　CASE NO.: 6:24-cv-141-WWB-DCI

　　　　Plaintiff,
V.

PROGRESSIVE SELECT INSURANCE
COMPANY,

　　　　Defendant.
_____ /

**DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

　　　　Defendant, PROGRESSIVE SELECT INSURANCE COMPANY (hereafter "Progressive"), pursuant to Fed. R. Civ. P. 12(b)(6) and the Court's Order entered July 18, 2024 (Dkt. 29), moves the Court for entry of an order dismissing Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, and as grounds therefore states:

1.　　Plaintiff in this action is the bankruptcy trustee of the bankruptcy estate for Progressive's insured party, Angela Seda Borrero. He brought this common law bad faith action directly and not by assignment (Dkt. 25), and did so despite the fact that the court in Ms. Borrero's bankruptcy entered a discharge. *See* Exhibit 1.[1]

---

[1] The documents from the bankruptcy case are proper to be considered as part of this Motion to Dismiss because the bankruptcy and everything that occurred within that case is

1

2. Generally, a bad faith action may not stand where an insured party has been released from, or his liability for an excess judgment has been otherwise absolved or satisfied prior to an assignment of the cause of action. *See, e.g. Fid. & Cas. Co. of New York v. Cope*, 462 So. 2d 459, 459 (Fla. 1985).

3. The Florida Supreme Court created an exception to this general principal to allow a bankruptcy trustee to pursue a bad faith action directly against the debtor's insurer (presuming other procedural requirements are also met which are not at issue in this Motion) in certain circumstances, despite the debtor being discharged and not responsible to pay an excess judgment. *Camp v. St. Paul Fire & Marine Ins. Co.*, 616 So. 2d 12, 15 (Fla. 1993)(as a matter of first impression in Florida, permitting a direct common law bad faith action by a bankruptcy trustee to proceed).

4. However, a required element of that cause of action is harm to the bankruptcy estate by an increase in the debts of the estate to the detriment of other creditors, not simply harm to the insured party by virtue of the excess judgment that was discharged. *Id.*, explaining:

> The excess judgment against [the insured] harmed his bankruptcy estate by increasing the debt of the estate to the detriment of its creditors. The estate was damaged by the addition of [the claimant] as an additional unsecured creditor, a result that could have been avoided if [the insurer] had settled her claim. As the trustee of the bankruptcy estate, [the bankruptcy trustee] acted properly in filing a bad faith action to

---

(1) central to the plaintiff's claim since he brought the case in his capacity as the bankruptcy trustee, and (2) the authenticity of the documents cannot reasonably be challenged. *Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379–80 (11th Cir. 2010).

> recoup the excess judgment for which the estate remains liable. Therefore, as explained above, we determine that an action for bad faith may be claimed by the trustee of [the insured]'s bankruptcy estate against [the insurer]).

5. In the Plaintiff trustee's Amended Complaint in this case, the only harm he alleged is harm to the debtor by the existence of the excess judgment that has already been discharged, to wit: "Borrero suffered damages including entry of an excess Final Judgment." (Dkt. 25, para. 75). It is not clear whether that final judgment caused harm to the bankruptcy estate under the facts pled and the requisite harm cannot be merely assumed.

6. Accordingly, the trustee's cause of action based only upon a final judgment that has been discharged in bankruptcy cannot stand as a matter of law. This is because by virtue of the bankruptcy, the final judgment is not permitted to be collected from the insured even though it was entered, thus it is the harm to the estate that is necessary. Indeed, in this case the bankruptcy court made it clear that while the tort suit may proceed to liquidate the damages through to a judgment, "under no circumstances shall the Tort Claimant execute as against the Debtor or property of the estate." *See* Bankruptcy Court's Order Granting Relief from Automatic Stay attached as Exhibit 2. [2]

7. While a technical argument, the distinction between the two types of harm is material and the cause of action by the trustee must be specifically pled. Plaintiff trustee failed to plead that the estate has been harmed and, thus,

---

[2] Although not attached to Plaintiff's Amended Complaint, Plaintiff relied on this order in his allegations (Dkt. 25, para. 60) and it is therefore proper for consideration as part of the

suffered damages. Consequently, Plaintiff's Amended Complaint in its current form is procedurally deficient.

Respectfully submitted on July 25, 2024.

                                        SEGUNDO LAW GROUP

                                        ____s/Jenna Worden_____
                                        **JENNIFER C. WORDEN**
                                        FBN: 0498191
                                        2935 First Avenue North, 2nd Floor
                                        St. Petersburg, FL 33713
                                        (727)894-3535
                                        Counsel for Defendant Progressive
                                        Service email: Service@CivilLit.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I submitted the foregoing via CM/ECF which will serve it upon counsel for Plaintiff at the addresses registered with the Court on this 25th day of July, 2024.

                                        SEGUNDO LAW GROUP

                                        ____s/Jenna Worden_____
                                        **JENNIFER C. WORDEN**
                                        FBN: 0498191
                                        (727) 894-3535
                                        Service@civillit.com

---

four corners of the Amended Complaint.