UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE CHAMBERS,

    Plaintiff,

v.                                                    Case No: 6:24-cv-141-JSS-DCI

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

Defendant, Progressive Select Insurance Company, moves to dismiss the amended complaint filed by Plaintiff, Gene Chambers, in his capacity as the trustee of the bankruptcy estate of Angela Borrero. (Dkt. 30.) Plaintiff opposes the motion. (Dkt. 32.) Upon consideration, for the reasons outlined below, the court denies the motion to dismiss.

## BACKGROUND[1]

In October 2018, Borrero crashed her car into motorcyclist James Spalding. (Dkt. 25 ¶ 5.) "As a result of the crash," Spalding was "severely injured": for example, his "left foot was amputated," and he fractured his left arm. (*Id.* ¶¶ 6, 13.) Further, "his motorcycle was totaled, and his helmet was damaged." (*Id.* ¶ 6.) Defendant provided automobile liability insurance to Borrero at the time. (*Id.* ¶¶ 4, 7.) The

---

[1] The court accepts the well-pleaded factual allegations in the amended complaint as true and construes them in the light most favorable to Plaintiff. *See Harry v. Marchant*, 291 F.3d 767, 769 (11th Cir. 2002) (en banc).

insurance policy established "bodily injury limits of $10,000 per person/$20,000 per occurrence and property damage limits of $10,000." (*Id.* ¶ 4.) Defendant "had opportunities to settle" Spalding's claims against Borrero "within the available coverages" but "fail[ed] to settle the claims." (*Id.* ¶¶ 65, 74.)

In November 2018, Spalding sued Borrero in state court bringing two counts of negligence. (*See* Dkt. 25-7.) In the first count, he sought compensation for his "bodily injur[ies,] . . . pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings[,] and loss of ability to earn money," including "permanent and continuing" losses. (*Id.* ¶ 11.) In the second count, he sought compensation for his motorcycle and helmet (totaling $9,627.52) and for the expenses that he incurred "from loss of use" of the motorcycle. (*Id.* ¶¶ 15–16.) Facing the likelihood of a large judgment against her, Borrero filed for bankruptcy. (Dkt. 25 ¶ 58.) Consequently, Plaintiff became the trustee of her bankruptcy estate and in that capacity was assigned "all [her] non-exempt assets" including this lawsuit. (*Id.* ¶ 59.) After a jury trial, a final judgment of slightly under $7.5 million was awarded in Spalding's favor against Borrero. (*Id.* ¶¶ 61–62.) The final judgment provides that its execution is "subject to further order of the bankruptcy court." (Dkt. 25-17 ¶ 2.) "The [f]inal [j]udgment remains unpaid and outstanding while continuing to bear interest at the legal rate." (Dkt. 25 ¶ 63.)

In December 2023, Plaintiff initiated this lawsuit by suing Defendant in state court for bad faith. (*See* Dkt. 1-1.) As relief, Plaintiff sought "[a]ll unpaid and

unsatisfied amounts of the [f]inal [j]udgment," "[a]ccrued interest on the [f]inal [j]udgment," and "[c]onsequential damages including costs . . . and attorney[] fees." (*Id.* at 10.) Defendant subsequently removed the lawsuit to this court based on diversity jurisdiction. (*See* Dkt. 1.) In June 2024, Plaintiff filed an amended complaint asserting the same count and seeking the same relief as in the initial complaint. (*See* Dkt. 25.) Defendant now moves to dismiss the amended complaint for failure to state a claim. (*See* Dkt. 30.)

## APPLICABLE STANDARDS

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Generally, when analyzing a motion to dismiss for failure to state a claim, a court considers only the four corners of the complaint and the exhibits attached to the complaint. *See Turner v. Williams*, 65

F.4th 564, 583 n.27 (11th Cir. 2023).

## ANALYSIS

In its brief motion, Defendant makes a single "technical argument" distinguishing between the harm to the bankruptcy estate required for a bad faith claim under Florida common law and the harm to Borrero, which, Defendant contends, is the "only harm" alleged in the amended complaint. (Dkt. 30 ¶¶ 5, 7.) Defendant maintains that the amended complaint is "procedurally deficient" because Plaintiff must "specifically ple[a]d" the bad faith claim and the harm to the bankruptcy estate "cannot be merely assumed." (*Id.*) Although Defendant does not cite any legal authority to support these points in particular, (*see id. passim*), it supports its general position by citing a Florida Supreme Court case, (*id.* ¶¶ 3–4). *See Camp v. St. Paul Fire & Marine Ins. Co.*, 616 So. 2d 12 (Fla. 1993). In response, Plaintiff asserts that the amended complaint "sufficiently allege[s] . . . harm to the bankruptcy estate" and, as the bankruptcy record shows and *Camp* itself supports, the "final judgment harmed the estate by increasing the estate's debt." (Dkt. 32 at 2–3.)

Before addressing the merits of the parties' arguments, the court notes that Defendant has failed to comply with Middle District of Florida Local Rule 3.01(g), which required Defendant to "confer with [Plaintiff] in a good faith effort to resolve the motion" to dismiss before Defendant filed the motion and to include a certification at the end of the motion with details about this conference. M.D. Fla. Loc. R. 3.01(g)(1)–(2). Although the rule does not apply to motions for injunctive relief, judgment on the pleadings, summary judgment, and class certification, it applies to all

other "motion[s] in a civil action," including motions to dismiss for failure to state a claim. M.D. Fla. Loc. R. 3.01(g)(1). Courts routinely deny motions that fail to comply with the Local Rules. *See Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) ("[T]he district court could properly deny leave to amend for failure to comply with the local rule."); *see also Reese v. Herbert*, 527 F.3d 1253, 1264 n.17 (11th Cir. 2008) ("The court was by no means obliged to overlook [a] violation of the local rules.").

In any event, the court agrees with Plaintiff on the merits of the motion. As the Florida Supreme Court has explained, an "excess judgment against [an insured] harm[s] [the insured's] bankruptcy estate by increasing the debt of the estate to the detriment of its creditors." *Camp*, 616 So. 2d at 15. When the court "accept[s] the allegations in the [amended] complaint as true and construe[s] them in the light most favorable to [P]laintiff," *see Henley*, 945 F.3d at 1326, the court concludes that harm to the bankruptcy estate has been sufficiently pleaded under the applicable federal pleading standards. Defendant's argument to the contrary is not persuasive, particularly considering the minimal legal authority and explication supporting it. (*See* Dkt. 30.) *Cf. United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (explaining that a defendant "forfeited" his "conclusory argument" when he "d[id] not explain [its] legal basis" and "cite[d] no legal authority to support it").

## CONCLUSION

Accordingly:

1. Defendant's motion to dismiss (Dkt. 30) is **DENIED**.

2. Defendant shall answer the amended complaint (Dkt. 25) in compliance with Federal Rule of Civil Procedure 12(a)(4)(A).

**ORDERED** in Orlando, Florida, on November 25, 2024.

```
                                    _____
                                    JULIE S. SNEED
                                    UNITED STATES DISTRICT JUDGE
```

Copies furnished to:

Counsel of Record