UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENE CHAMBERS, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY
ESTATE OF ANGELA BORRERO,　　　　CASE NO.: 6:24-cv-141-WWB-DCI

　　　　Plaintiff,
V.

PROGRESSIVE SELECT INSURANCE
COMPANY,

　　　　Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRAMTIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, PROGRESSIVE SELECT INSURANCE COMPANY (hereafter "Progressive"), Answers, and asserts Affirmative Defenses to Plaintiff's Amended Complaint as follows:

## ANSWER

## JURISDICTIONAL ALLEGATIONS

1.　　Admitted for jurisdictional purposes only.

2.　　The first sentence is admitted. Progressive does not deny the content of the Order attached as Exhibit A. However, Progressive is without knowledge and denies the remainder of the paragraph as stated.

3.　　Admitted that Defendant is a foreign corporation incorporated in Ohio and doing business in Florida as an automobile insurance carrier. Denied that

1

Progressive is headquartered in Cleveland, Ohio.

**FACTUAL ALLEGATIONS**

4. Admitted that Defendant issued the referenced insurance policy to Angela Seda Borrero that was in effect on October 1, 2018, providing multiple components of insurance coverage including but not limited to separate insurance coverage limits of $10,000 each person/$20,000 each accident for bodily injury liability to others, and $10,000 each accident for property damage liability to others. Denied that Exhibit B to the Amended Complaint is a complete copy of the insurance policy for each coverage in effect on October 1, 2018.

5. Admitted that the accident occurred on October 1, 2018, on CR 435 in Apopka, Florida, which involved Plaintiff Seda Borrero and James Spalding. Otherwise, denied as phrased.

6. Admitted that Spalding was injured in the accident and that he incurred damage to his property including his motorcycle. Otherwise, the paragraph is denied as phrased.

7. Admitted that the policy alleged in paragraph 4 of Plaintiff's Amended Complaint was in effect on October 1, 2018, as stated in paragraph 4 above, otherwise denied as phrased.

8. Admitted that the policy alleged in paragraph 4 of Plaintiff's Amended Complaint was in effect on October 1, 2018, and provided separate coverages

as stated in paragraph 4 above, otherwise denied as phrased.

9. Admitted.

10. Admitted that after receipt of notice of the accident, Progressive adjusted Mr. Spalding's bodily injury claim against Ms. Seda Borrero per Ms. Seda Borrero's bodily injury liability coverage with Progressive, and that Progressive adjusted Mr. Spalding's property damage claim against Ms. Seda Borrero per Ms. Seda Borrero's separate property damage liability coverage with Progressive, utilizing separate adjusters for each claim, which were assigned per its policies.

11. Admitted.

12. Admitted that on October 2, 2018, Progressive adjuster Jowanna Henry began adjusting Mr. Spalding's bodily injury liability claim from the accident.

13. Denied as stated. Admitted that one of Ms. Henry's claim notes dated October 2, 2018, states "injuries known to date" to Mr. Spalding were "Lt foot was amputated, fx'd Lt arm."

14. Admitted that on October 2, 2018, adjuster Henry spoke with Ms. Seda Borrero by telephone, which conversation is documented in Progressive's claim notes and includes but was not limited to the statement copied into this paragraph of the Amended Complaint along with multiple other topics including but not limited to:

> -DISCUSSED THE BI CLAIMS PROCESS
> -DISCUSSED BI COVG 10/20K
> -DISCUSSED EXCESS LETTER/FORM C AFFIDAVIT

    Otherwise denied as phrased.

15. Admitted that by October 3, 2018, Progressive had investigated the circumstances of the accident and the information about Mr. Spalding's injuries known to date, determined his likely damages from those injuries warranted payment of Progressive's applicable bodily injury liability policy limits of $10,000, and thereafter tendered those policy limits to Mr. Spalding's counsel within the week. Otherwise denied as phrased.

16. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

17. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

18. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

19. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

20. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

21. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

22. Admitted that a letter, attached as Exhibit C to Plaintiff's Amended Complaint, dated October 15, 2018, was sent to Defendant. The document speaks for itself.

23. The first sentence is admitted. The second sentence is admitted to the extent stated in Progressive's claim notes, otherwise denied.

24. Admitted that Progressive adjuster Jowanna Henry sent a letter to counsel for

Spalding dated October 22, 2018, and which letter is attached to Plaintiff's Amended Complaint as Exhibit D. The Exhibit does not include the enclosures to the letter - a check for the available bodily injury limits, the proposed release, and the insurance policy disclosure information. The letter speaks for itself.

25. Admitted that the letter makes clear the settlement offer for payment of money contained within the letter is for the bodily injury claims only and that any claims for property damage that exist would be paid "under our insured's separate property damage liability coverage." Otherwise denied. The letter speaks for itself.

26. Admitted that the package sent to counsel for Mr. Spalding was confirmed delivered on October 24, 2018, at 9:27 AM. It was sent via overnight delivery. Otherwise denied as stated.

27. Admitted that Spalding sent a letter via certified mail, return receipt to Amanda Ploski at Progressive, which is dated October 23, 2018, and attached as Exhibit E to Plaintiff's Amended Complaint, and the subject of which letter was Mr. Spalding's property damage claim. The letter speaks for itself.

28. The first sentence is admitted that Mr. Spalding's October 23, 2018 letter was an offer to resolve his property damage claim. The remainder of the paragraph is admitted to the extent stated in the letter. Otherwise denied.

29. Admitted

30. Admitted that Progressive sent a letter dated October 26, 2018, and which letter is attached to Plaintiff's Amended Complaint as Exhibit F. Admitted that as of the date Progressive sent this letter, Mr. Spalding had not yet returned Progressive's call to schedule the inspection referenced in the letter. Otherwise denied as stated. The letter speaks for itself.

31. Admitted that Ms. Ploski contacted Mr. Spalding on October 25, 2018 to arrange for an inspection of the motorcycle and left a message. Admitted that on October 29, 2018, Progressive field adjuster, Michael Kissane, contacted Mr. Spalding's father to obtain information about location of the motorcycle and to obtain contact information for Mr. Spalding to arrange for the motorcycle inspection. Admitted that on October 29, 2018, Progressive employee Lara Jarvis was able to speak with Mr. Spalding and arrange for a motorcycle inspection to occur on November 5, 2018. Otherwise denied as stated.

32. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

33. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

34. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

35. Denied.

36. As to the first sentence, admitted that Mr. Spalding's attorney filed a lawsuit against Ms. Seda Borrero on November 12, 2018, including a count for Mr. Spalding's bodily injuries and a separate count for Mr. Spalding's property

damages, otherwise denied as stated. Without knowledge as to the second sentence. The count for property damage contained within that complaint was voluntarily resolved by Mr. Spalding for an amount within Ms. Seda Borrero's property damage coverage on or about February 25, 2019. The property damage claim is not a part of the final judgment Plaintiff seeks as damages from Progressive in this action.

37. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

38. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

39. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

40. Admitted that a letter dated November 28, 2018 was sent to Mr. Spalding regarding his property damage claim and that letter is attached to Plaintiff's Amended Complaint as Exhibit H. Otherwise denied as stated. The letter speaks for itself.

41. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

42. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

43. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

44. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

45. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

46. Admitted that Progressive adjuster Jason Gray sent a letter to counsel for Spalding dated December 6, 2018, a copy of which is attached to Plaintiff's Amended Complaint as Exhibit I. Otherwise denied as stated. The letter

speaks for itself.

47. Denied as stated.

48. Admitted that on December 7, 2018, retained defense counsel for Ms. Seda Borrero filed an Answer and Affirmative Defenses on her behalf in the tort suit by Mr. Spalding. Denied that Exhibit J to Plaintiff's Amended Complaint is a complete copy of that pleading.

49. Admitted that Progressive sent attorney Perkins a letter dated December 14, 2018, under the signature of Mr. Gray, a copy of which is attached as Exhibit K to Plaintiff's Amended Complaint. Otherwise denied.

50. Admitted that Mr. Gray sent attorney Perkins a letter dated December 27, 2018, a copy of which is attached as Exhibit L to Plaintiff's Amended Complaint. Otherwise denied.

51. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

52. Admitted that Mr. Gray sent attorney Perkins a letter dated January 3, 2019, a copy of which is attached as Exhibit M to Plaintiff's Amended Complaint. Otherwise denied.

53. Denied.

54. Denied.

55. Admitted to the extent stated in Progressive's claim notes, otherwise denied.

56. Denied.

57. Admitted that Mr. Spalding accepted a proposal for settlement to resolve his

property damage claim for an amount within Ms. Seda Borrero's property damage coverage prior to a verdict in the lawsuit.

58. As to the first sentence, admitted that Mr. Spalding resolved his property damage claim but not his bodily injury claim and that the bodily injury claim continued through litigation in the tort suit, otherwise denied as stated. As to the second sentence, admitted that Ms. Seda Borrero filed a voluntary petition for chapter 7 bankruptcy protection on December 1, 2022, otherwise denied.

59. Admitted that Gene Chambers was appointed the bankruptcy trustee of Angela Seda Borrero's bankruptcy in case number 6:22-bk-04290-LVV in the U.S. Bankruptcy Court, Middle District of Florida, otherwise denied.

60. Admitted that on December 7, 2022, attorney Jonathan Sykes files a document titled "Emergency Motion For Relief From Stay" stating it was on behalf of James Spalding in Ms. Seda Borrero's bankruptcy case identified above, and that a copy of that Motion is attached as Exhibit O to Plaintiff's Amended Complaint. Admitted that the bankruptcy court entered an order granting that Motion on December 8, 2022, on specific terms not alleged in Plaintiff's Amended Complaint.

61. As to the first sentence, admitted that Mr. Spalding's bodily injury claim against Ms. Seda Borrero proceeded to trial, otherwise denied. As to the second sentence, admitted that on January 27, 2023, a verdict was rendered in favor of Mr. Spalding and against Ms. Seda Borrero for Mr. Spalding's

bodily injury damages, a copy of which appears to be attached as Exhibit P to Plaintiff's Amended Complaint. Otherwise denied.

62. Admitted that on April 27, 2023, the court in the tort suit entered a final judgment in favor of Mr. Spalding and against Ms. Seda Borrero for Mr. Spalding's bodily injury damages, a copy of which appears to be attached as Exhibit Q to Plaintiff's Amended Complaint. Otherwise denied.

63. Without knowledge, therefore denied.

### COUNT I - COMMON LAW BAD FAITH AGAINST PROGRESSIVE SELECT INSURANCE COMPANY

64. Denied as stated. There was no communicated joint opportunity to resolve both Mr. Spalding's bodily injury claim and his separate property damage claim.

65. Admitted that Progressive did resolve Mr. Spalding's property damage claim against Ms. Borrero for an amount within the property damage coverage. Denied that there was an opportunity to resolve Mr. Spalding's bodily injury claim for an amount within the bodily injury coverage. The remainder of the paragraph is denied.

66. Admitted that within days of the accident Progressive determined the circumstances of Mr. Spalding's bodily injury claim may have been in excess of the bodily injury coverage and warned Ms. Seda Borrero of that fact and delivered its applicable bodily injury coverage limits to Mr. Spalding's attorney. Otherwise denied as stated.

67. Denied as stated.

68. Denied.

69. The first sentence is admitted that Mr. Spalding's October 23, 2018 letter was an offer to resolve his property damage claim. The remainder of the paragraph is denied.

70. Denied.

71. Denied as stated.

72. Denied as stated, except to the extent consistent with Florida law under the circumstances involved.

73. Denied, including all subparts, except to the extent consistent with Florida law under the circumstances involved.

74. Denied, including all subparts.

75. Denied.

76. Admitted that Mr. Spalding's property damage claim against Ms. Seda Borrero was settled within the available limits of the property damage coverage. Admitted that within ten days of the accident Progressive offered to settle Mr. Spalding's bodily injury claim for Ms. Seda Borrero's applicable bodily injury liability policy limits, but Mr. Spalding never accepted them. Otherwise, the paragraph is denied.

77. Without knowledge, therefore denied.

78. Without knowledge, therefore denied.

# DEMAND FOR JURY TRIAL

Defendant Progressive requests a trial by jury of all issues so triable.

# AFFIRMATIVE DEFENSE

1. Progressive is entitled to a reduction of damages assessed against it, if any, in this case for all amounts paid on the bodily injury claims or final judgment for those claims outstanding against Plaintiff Borrero, Progressive's insured party, by Progressive and/or other entities or persons.

2. Progressive tendered the available bodily injury policy limits to Spalding on October 11, 2018 (10 days after the accident) and again on October 24, 2018 (23 days after the accident). Progressive tendered the amount set forth in Spalding's complaint as the claim for property damage on January 3, 2019, within 90 days of receipt of Spalding's letter dated October 23, 2018. Thus, any claim for bad faith arising out of Progressive's handling of Spalding's claim against its insured, Seda Borrero, is barred by Section 624.155(4)(a), Florida Statutes.

3. Spalding's property damage claim was resolved on February 25, 2019 for an amount within the separate property damage coverage under the policy, and is not part of the Final Judgment entered in favor of Spalding and against Ms. Seda Borrero on which Plaintiff relies as the damages sought in this case. There is no excess judgment for the property damage claim, thus the property damage claim handling cannot form the basis of a bad faith claim, and

particularly not the basis of one seeking to recover an excess judgment solely for bodily injury damages. *See, e.g. Cunningham v. Standard Guar. Ins. Co.*, 630 So.2d 179, 181 (Fla.1994) (explaining that a third party must ordinarily obtain a judgment against the insured in excess of the policy limits before prosecuting a bad faith claim against the insured's liability carrier). Florida law does not recognize such a claim in the absence of a communicated joint opportunity to resolve both claims for an amount within policy limits.

4. Plaintiff lacks standing to pursue a bad faith claim to recover damages to satisfy or otherwise resolve James Spalding's final judgment for his bodily injury damages against Angela Seda Borrero. Mr. Spalding failed to timely file the requisite proof of claim for his final judgment against Ms. Seda Borrero's bankruptcy estate, thereby abandoning it. Accordingly, the bankruptcy estate is not liable for that final judgment and the trustee has no standing to initiate an action against a third party to collect it. For the same reasons, Plaintiff's bad faith claim may not proceed as a matter of law.

5. Plaintiff lacks standing to pursue a bad faith claim based upon the handling of claims under Angela Seda Borrero's property damage liability coverage with Progressive. The property damage claim by Mr. Spalding against Ms. Seda Borrero was resolved within the property damage coverage and paid to Mr. Spalding prior to Ms. Seda Borrero's filing of bankruptcy. Accordingly, any claim based upon the handling of the property damage claim pursuant to the

property damage coverage under Ms. Seda Borrero's insurance policy is not property of the bankruptcy estate per 11 U.S. C. sec. 541(a)(1), nor is Ms. Seda Borrero's property damage coverage property of the bankruptcy estate. For the same reasons, Plaintiff's bad faith claim may not proceed as a matter of law.

Respectfully submitted on December 9, 2024.

SEGUNDO LAW GROUP

_s/Jenna Worden_
**JENNIFER C. WORDEN**
FBN: 0498191
2935 First Avenue North, 2nd Floor
St. Petersburg, FL 33713
(727)894-3535
Counsel for Defendant Progressive
Service email: Service@CivilLit.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I submitted the foregoing via CM/ECF which will serve it upon counsel for Plaintiff at the addresses registered with the Court on this 9th day of December 2024.

SEGUNDO LAW GROUP

_s/Jenna Worden_
**JENNIFER C. WORDEN**
FBN: 0498191
(727) 894-3535
Service@civillit.com