UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CRISANTO C. OXONIAN, et al.,**

    **Plaintiffs,**

v.                                Case No: 8:24-CV-1351-MSS-AAS

**GEICO GENERAL
INSURANCE COMPANY,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant GEICO GENERAL INSURANCE COMPANY'S ("GEICO") Motion for Judgment on the Pleadings, the response in opposition thereto, and the reply. (Dkts. 19, 27, 31) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** GEICO's Motion for Judgment on the Pleadings.

    **I.**    **BACKGROUND**

This is a common-law insurance bad-faith action. On December 12, 2006, Jessica Wicky ("Wicky") negligently operated a motor vehicle with the consent of its owner, William Strickland ("Strickland"), in Pinellas County, Florida, causing a collision with a vehicle operated by Maria Oxonian. (Dkt. 1-1 at ¶¶ 7-8) As a result of the crash, Maria Oxonian died from her injuries. (Id. at ¶ 8) At that time, GEICO insured Wicky under an insurance policy that provided bodily injury coverage in the amount of $10,000 per person and $20,000 per occurrence. (Id. at ¶ 5) GEICO was

provided with timely notice of the loss shortly following the accident, which triggered the bodily injury liability coverage afforded by the GEICO Policy for the financial protection of Wicky and Strickland. (Id. at ¶ 9) GEICO undertook the duty of good faith in the handling of the defense and settlement of the wrongful death claim arising from the death of Maria Oxonian. (Id. at ¶ 10)

On January 4, 2007, 23 days after the accident, to settle the claim, GEICO tendered the full $10,000 bodily injury policy limit to the law firm of Perenich & Carroll, P.A., which represented Ms. Oxonian. (Dkt. 12 at ¶ 10; Dkt. 13-1) On that same day, counsel for Ms. Oxonian responded to GEICO via letter, thanking GEICO "for dropping off [its] check for [the] $10,000 bodily injury insurance coverage." (Id.) In the letter, counsel further stated, "We do not have the authority at this time to accept your offer to tender your $10,000 bodily injury coverage limits." (Id.)

Thereafter, Crisanto C. Oxonian, as personal representative of the estate of Maria Oxonian, filed suit against Wicky and Strickland in the matter styled, *Crisanto C. Oxonian, as Personal Representative of the Estate of Maria I. Oxonian, Deceased, v. Jessica Lauren Wicky and William Gilbert Strickland*, Case No.: 07-009926-CI-007, in the Sixth Judicial Circuit, in and for Pinellas County, Florida. (Dkt. 1-1 at ¶ 11) Final judgment was first entered on March 28, 2023, against Strickland. (See id. at 40-41) On April 26, 2023, an amended final judgment in the amount of $1,069,553.48 was awarded to the Estate of Maria I. Oxonian; $2,039,16971 was awarded to Crisanto C. Oxonian; $804,391.88 was awarded to Christian Oxonian; and $804,391.88 was

2

awarded to Kristen Oxonian. (Id. at ¶ 11, 38-39) Each amount was awarded against Wicky, jointly and severally with Strickland. (Id.)

Following the entry of final judgment, Plaintiffs commenced the instant litigation on May 8, 2024, in the Sixth Judicial Circuit, in and for Pinellas County, Florida. (See Dkt. 1-1) Plaintiffs contend that GEICO breached its duty of good faith owed to its insureds, Wicky and Strickland, by failing to settle the wrongful death claim. (See id. at ¶ 10)

On June 3, 2024, GEICO removed this matter to this Court. On August 9, 2024, GEICO filed the instant Motion for Judgment on the Pleadings. (Dkt. 19) Therein, GEICO claims it is entitled to judgment on the pleadings because the undisputed facts show that GEICO tendered its $10,000 bodily injury policy limits to Ms. Oxonian within 90 days of the accident, as required under Florida law. (Id. at 7) In response, Plaintiffs contend that GEICO impermissibly relies upon 2023 legislative changes made to Florida's bad faith law, which they claim were not in effect at the time the policy was made and were not made retroactive to insurance policies issued on or before the effective date of the act. (See generally Dkt. 27) On October 17, 2024, GEICO filed a reply. (Dkt. 31) The motion is now ripe for review.

**II.     STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P.

3

12(c); Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). As such, a court should enter judgment on the pleadings only "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998). "For purposes of a motion for judgment on the pleadings, all the non-moving party's pleadings are taken as true, and, if denied, the moving party's allegations are taken as false." See United States v. Kahn, No. 5:02-CV-230-OC-10GRJ, 2003 U.S. Dist. LEXIS 17686, 2003 WL 22384761, at *2 (M.D. Fla. Sept. 2, 2003) (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)). "To decide a motion for judgment on the pleadings, a court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them," Burgest v. Bd. of Regents, No. 4:19-cv-335, 2021 U.S. Dist. LEXIS 59569 at * 4 (S.D. Ga. Mar. 29, 2021), "without converting the motion into one for summary judgment." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

### III. DISCUSSION

GEICO is entitled to judgment on the pleadings. On March 24, 2023, Fla. Stat. § 624.155 was amended to include, for the first time, a safe harbor to protect insurers from a finding of bath faith liability. Specifically, House Bill ("HB") 837, as it is commonly known, provides that "[a]n action for bad faith involving a liability insurance claim, including any such action brought under the common law, ***shall not lie*** if the insurer tenders the lesser of the policy limits or the amount demanded by the

4

claimant within 90 days after receiving actual notice of a claim which is accompanied by sufficient evidence to support the amount of the claim." § 624.155(4)(a), Fla. Stat. (2023) (emphasis added). The Legislature expressly states the amendment applies to "causes of action filed after March 24, 2023." See § 624.155 n. 1(B), Fla. Stat. (2023) ("Section 30, ch. 2023-15, provides that "[e]xcept as otherwise expressly provided in this act, *this act shall apply to causes of action filed after March 24, 2023*.") (emphasis added). Here, it is undisputed that Plaintiffs filed their cause of action for bad faith on May 8, 2024. (See Dkt. 1-1)

Thus, based on the pleadings, GEICO is entitled to judgment as a matter of law because it tendered its $10,000 bodily injury policy limit to Ms. Oxonian 23 days after the accident, which is well before the statutorily required 90-day deadline provided under HB 837. See § 624.155(4)(a); (Dkt. 12 at ¶ 10; Dkt. 13-1) "Because it is undisputed that Geico tendered the policy limits within ninety days, no bad faith claim can survive under Section 624.155(4)(a)." Dial v. GEICO Gen. Ins. Co., No. 8:23-cv-1650-VMC-TGW, 2024 U.S. Dist. LEXIS 127473 at * 28 n.1 (granting GEICO's motion for summary judgment, in the alternative, because plaintiffs both obtained final judgments against the insured and initiated the cause of action *after* March 24, 2023, and it was undisputed that "GEICO tendered the policy limits on a global basis within ninety days and also offered the per-person policy limit of $10,000 to Dial within ninety days.") GEICO's motion for judgment on the pleadings is due to be **GRANTED**. In response to the motion, Plaintiffs raise two principal arguments, both of which fail.

5

First, Plaintiffs contend that, when deciding a motion for judgment on the pleadings, the Court must look only upon the pleadings for the alleged facts, accept the facts alleged in the complaint as true, and view them in the light most favorable to the Plaintiffs. (Dkt. 27 at 17) Because GEICO's motion relies upon facts contained in its Answer and Affirmative Defenses, specifically that it tendered the bodily injury policy limits to Ms. Oxonian 23 days after the accident, Plaintiffs assert the Court must ignore these facts because Plaintiffs never alleged them. Plaintiffs are wrong.

As explained above, on a motion for judgment on the pleadings, courts "may consider *any* of the pleadings, including the complaint, the *answer*, and any *written instruments attached* to them." Burgest, 2021 U.S. Dist. LEXIS 59569 at *4 (emphasis added); see Horsley, 304 F.3d at 1134 (noting that because Fed. R Civ. Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Fed. R. Civ. P. 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," "[i]t would . . . follow that if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment.") In this regard, the Eleventh Circuit instructs that a district court may consider a document attached to an answer if the document is central to one of the claims, and the authenticity of the document is not challenged. See Horsley, 304 F.3d at 1134-35.

In addition, "on a defendant's motion for judgment on the pleadings, where no matters outside the pleadings are presented, the fact allegations of the complaint

6

are to be taken as true, but those of the answer are taken as true 'only where and to the extent that they have not been denied or do not conflict with those of the complaint.'" Nails v. Swisher Int'l, Inc., No. 3:12-cv-1147-J-99MMH-PDB, 2013 U.S. Dist. LEXIS 178164 at *3 (M.D. Fla. Dec. 18, 2013) (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)).[1] "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in *all* the pleadings." Id. (emphasis added).

Here, as GEICO correctly states, nothing in Plaintiffs' Complaint conflicts with GEICO's allegation in its Answer that "it tendered the full $10,000 bodily injury policy limits to [Ms. Oxonian] . . . on January 4, 2007." (Dkt. 12 at ¶ 10) GEICO also attached a copy of the cover letter and a check for the policy limit to its Answer, which is central to the bad faith claim, and Plaintiffs have not disputed the authenticity of these documents. (Dkt. 13-1; see generally, Dkts. 27, 32) In fact, Plaintiffs' sole argument against the Court's consideration of the Answer and the attachment is that consideration of those facts, at this stage, would be premature and improper. (See Dkt. 27 at 17-18) However, GEICO's Answer and its attachment can be properly considered at this stage, and they reveal that there is no material dispute of fact that GEICO timely tendered the full $10,000 bodily injury policy limit to counsel for Ms. Oxonian 23 days after the accident, in compliance with § 624.155(4)(a).

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

Plaintiffs next argue that HB 837 cannot be applied retroactively because it would impair their rights under the insurance contract. For support, they note that when the legislature enacted HB 837, it expressly stated as follows:

> section 29. This act shall not be construed to impair any right under an insurance contract in effect on or before the effective date of this act. To the extent that this act affects a right under an insurance contract, this act applies to an insurance contract issued or renewed after the effective date of this act [March 24, 2023].

Fla. HB 837, § 29 (2023).

The Parties dispute whether Plaintiffs have a "right" under the insurance contract in the first instance. GEICO contends that because Plaintiffs are neither insureds nor assignees, they have no rights under the insurance contract. (See Dkt. 31 at 4-5) Plaintiffs, who acknowledge they are not parties to the insurance contract, assert that they nevertheless have standing as third-party beneficiaries to sue for damages suffered by the insured because of the insurer's bad faith failure to settle. (Dkt. 27 at 8) For one, as explained above, the undisputed facts show that GEICO made an attempt to settle for the full $10,000 bodily injury policy limit. See supra. But "[e]ven if Plaintiffs, as third parties, have rights under the insurance contract" because of GEICO's alleged failure to settle, "the amendments to Section 624.155 did not affect any rights under the policy." See Dial, 2024 U.S. Dist. LEXIS 127473 at *28 n.1.

"Under Florida law, when addressing whether a statutory amendment applies to a statutory remedy, courts look to the statute in effect on the date the cause of

8

action accrued." Isaacson v. QBE Specialty Ins. Co., No. 2:24-cv-715-SPC-NPM, 2024 U.S. Dist. LEXIS 191418 at *3 (M.D. Fla. Oct. 22, 2024) (citing Agency for Health Care Admin. v. Payas, 372 So. 3d 787, 789 (Fla. Dist. Ct. App. 2023) ("[T]he determinative point in time separating prospective from retroactive application of an enactment is the date the 'cause of action' accrues, which is the date that a party has the right to sue") (citation omitted)). "Because a bad-faith claim is a statutory action, a bad-faith cause of action accrues 'when the last element constituting the cause of action occurs.'" Id. (first quoting Fla. Stat. § 95.031(1); and then citing Lopez v. Geico Cas. Co., 968 F. Supp. 2d 1202, 1206 (S.D. Fla. 2013)).

Here, Plaintiffs' "right" to file a bad faith action against GEICO did not arise until the final judgment was entered against the insureds, which occurred on March 28, 2023, and April 26, 2023, after the effective date of HB 837 on March 24, 2023. See Kelly v. Williams, 411 So. 2d 902, 904 (Fla. 5th DCA 1982) ("[A] cause of action for bad faith arises when the insured is legally obligated to pay a judgment that is in excess of his policy limits."); Williams v. Am. Optical Corp., 985 So. 2d 23, 27 (Fla. 4th DCA 2008) ("Florida law is well established that the right to sue on an inchoate cause of action — one that has not yet accrued — is not a vested right because no one has a vested right in the common law, which the Legislature may substantively change prospectively."), aff'd sub nom. Am. Optical Corp. v. Spiewak, 73 So. 3d 120 (Fla. 2011); see also Dial, 2024 U.S. Dist. LEXIS 127473 at *28 n.1 (noting that the amendments to Section 624.155 did not affect plaintiffs' rights under the insurance policy because such a right did not arise until the final judgments were

9

entered against the insured in May 2023, which was after the effective date of the statute).

Because application of the amended Section 624.155 does not operate as an impermissible retroactive application of the statute, Plaintiffs' rights, to the extent they have any, have not been affected. Courts in the Middle District of Florida have concluded that the "language of HB 837 is clear that it applies prospectively." Mendoza v. Cardwell, No. 23-cv-1352, 2024 U.S. Dist. LEXIS 41323, 2024 WL 1931472 (M.D. Fla. Mar. 7, 2024) (citing Florida trial court decision, Louis v. Sprint, No. 2019-ca-9237-O, at *4 n.1 (Fla. 9th Cir. Ct. Jul. 17, 2023)); Goldsmith v. Travelers Indem. Co. of Am., No. 21-cv-2656-JSM-SPF, 2024 U.S. Dist. LEXIS 5735, 2024 WL 128017 (M.D. Fla. Jan. 11, 2024); McConnell v. Costco Wholesale Corp., No. 22-CV-646-TJC-MCR, 2023 U.S. Dist. LEXIS 177683, 2023 WL 6439573, at *2 (M.D. Fla. Oct. 3, 2023); Pinckard v. Line, 5:22-cv-304, Dkt. 39 at 4, 2023 U.S. Dist. LEXIS 244057 (M.D. Fla. Aug. 7, 2023)). Indeed, "there is no indication that the legislature intended the statute to apply retroactively." McConnell, 2023 U.S. Dist. LEXIS 177683, 2023 WL 6439573, at *2. Because HB 837 applies prospectively, and Plaintiffs' cause of action, if they have one, did not accrue until *after* the effective date of the statute, GEICO is protected by HB 837's safe harbor provision in this case. No bad faith liability can be imposed against it.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

10

1. GEICO's Motion for Judgment on the Pleadings (Dkt. 17) is **GRANTED**.

2. The Complaint is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to deny all pending motions as moot, including the Plaintiffs' motion for leave to file a sur-reply (Dkt. 32), terminate any deadlines, and **CLOSE THE CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of January 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any pro se party