# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GENE CHAMBERS,**

       **Plaintiff,**

**v.**                                               **Case No: 6:24-cv-141-JSS-DCI**

**PROGRESSIVE SELECT INSURANCE
COMPANY,**

       **Defendant.**

_____

# ORDER

Pending before the Court is Plaintiff's Motion to Compel responsive materials to its First Request for Production Nos. 1 and 9.  Doc. 51 (the Motion).  Plaintiff complains that Defendant improperly takes the position that documents dated after February 25, 2019, are not discoverable and the law does not support its unilateral decision to "cut off the time frame."  *Id*.  Plaintiff contends that February 25, 2019 is "the date the property damage proposal for settlement was accepted. . . in the underlying case[,]" but in a bad faith insurance action insureds are entitled to discovery of all materials the insurer maintained through the conclusion of the underlying suit.  *Id*. Plaintiff argues that since Defendant has no valid basis for the failure to produce then the Court should compel Defendant to produce all non-privileged materials through April 27, 2023, that are responsive to request Nos. 1 and 9.  Defendant has filed a response in opposition to the Motion, but the Court need not reach the merits of Plaintiff's position because his request for relief is untimely.

By Order dated March 26, 2024, the Court set the discovery deadline in this case for May 5, 2025.  Doc. 14.  Plaintiff served the First Request for Production at issue back in February 2024

and Defendant responded more than a year ago on May 1, 2024. *See* Doc. 51-1, 51-2. Yet, Plaintiff waited until the last day of the discovery period to file the Motion.[1]

"The Court follows the rule that the completion date [set in the CMSO] means that all discovery must be completed by that date." *See* Middle District of Florida Handbook, § 1, F (2021). Motions to compel filed at the close of discovery are disfavored and may, as here, evince a lack of diligence in pursuing discovery that results in the waiver of the request for relief. "While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable time' period." *Coleman v. Starbucks*, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) (citations omitted). "By virtue of failing to address a discovery violation when the movant first learns of the issue, a party risks waiving the issue." *Goers v. L.A. Entm't Group, Inc.*, 2017 WL 2578649, at *3 (M.D. Fla. June 14, 2017) (citations omitted); *see also Oil Consulting Enterprise, Inc. v. Hawker Beechcraft Global Customer Support, LLC*, 2017 WL 7355128, at *3 (M.D. Fla. Dec. 21, 2017) ("[F]iling a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline.").

Plaintiff's decision to wait more than a year to request relief deprives the Court of the ability to address the parties' dispute within the discovery period on an issue that could have been

---

[1] Plaintiff provides that on September 30, 2024, Defendant served an amended response but the responses to Requests Nos. 1 and 9 were unchanged. Doc. 51 at 1 n.1. Even so, at the latest Plaintiff had Defendant's amended response more than seven months ago and waited until May 5, 2025, to ask for Court intervention.

resolved long ago.[2]  And, notably, relief at this juncture would clearly have a significant impact on the continued management of the case.  Namely, if the Court compels production, then an extension of the Court's upcoming June 2, 2024 deadline to file dispositive motions seems inevitable.  Indeed, Defendant's position is well taken that if the Court grants relief, then further extensions to the Court's deadlines would be necessary to allow for additional discovery and expert opinions related to post-February 25th discovery.  As such, Plaintiff's decision to wait to seek Court intervention was not reasonable and his argument in support of production is deemed waived.  Indeed, there is no reasonable explanation for Plaintiff's delay, and his lack of diligence is fatal to the request for relief.  And diligence matters in this context.  When a party files a motion to compel discovery on the date of the discovery deadline, any ruling other than a denial necessitates an extension of the discovery period.[3]  So, the request in the Motion is implicitly another request for an extension of the discovery period.  Such a request is governed by Rule 16(b)(4) and the Circuit's directive that good cause requires a showing of diligence up to this point—a showing Plaintiff has not made.

The Court notes that it recently granted the parties' joint request to extend the discovery deadline to May 9, 2025, but the Court specified that the purpose of the extension was to allow the parties to "complete their remaining depositions."  Doc. 48.  The Court made clear that the brief

---

[2] On May 5, 2025, Plaintiff filed a longer motion to compel but the Court immediately denied the request because Plaintiff violated the Court's Order on Discovery Motions.  Docs. 49, 50.  Plaintiff filed the instant Motion later that same day.  Doc. 51.

[3] The nature of the motion—one to compel discovery—matters in this context.  While the CMSO states a deadline for "Discovery and Discovery-Related Motions," this does not give a party carte blanche to wait over a year on a known discovery issue and then move to compel additional discovery on the date of the "discovery-related motions" deadline.  That request, if granted, is implicitly one to extend the discovery period and will be considered in the context of the case as a whole.

discovery extension to May 9, 2025, did not have any effect on the remaining deadlines. *Id*. But even if the Court's extension left open the discovery period until May 9, 2025 for all purposes, Plaintiff still waited too long to bring the matter to the Court's attention. *See* Doc. 48.

Based on the foregoing, Plaintiff's Motion (Doc. 51) is **DENIED**.

**ORDERED** in Orlando, Florida on May 14, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties